IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrence Oneil Frazier, | C/A No. 0:08-2646-TLW-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Major Phillip C. Anderson; Sheriff Dan Wideman, | |
| Defendants. | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (Docket Entry 31.) The plaintiff, a self-represented state pre-trial detainee who, at the time relevant to this dispute, was housed at the Greenwood County Detention Center ("GCDC"), filed this action pursuant to 42 U.S.C. § 1983 asserting that the defendants' employees violated his constitutional rights by opening his legal mail outside of his presence. He further complains that his grievance related to this incident was not answered.

The defendants have moved for summary judgment. (Docket Entry 31.) By order of this court filed November 10, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Frazier was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 32.) On December 5, 2008, Frazier filed a "memorandom [sic] in support of plaintiff['s] reasons for trial" with an accompanying affidavit, which the court is construing as Frazier's response to the defendants' motion for summary judgment. (Docket Entry 38.) This motion is now before the court for a Report and Recommendation.

## BACKGROUND

The incident that initiated the instant complaint occurred on July 9, 2008, while Frazier was housed at Greenwood County Detention Center ("GCDC"). While in his room, Frazier's legal mail from his attorney was delivered in a state that led Frazier to believe that it had already been opened. When Frazier asked why his mail had been tampered with, he was given the explanation that the metal clasp on the envelope had been removed for security reasons. (Moton Aff., Docket Entry 31-5 at 2.) Officer Crystal Moton, an employee of the Sheriff of Greenwood County at GCDC who delivered the mail at issue to Frazier, states that she dropped the mail as she was delivering it, and that, because the metal clasp had been removed, some of the contents partially came out of the envelope. (Id.) Frazier requested and completed a grievance form to which, as of the filing of his Complaint, he had not received a response. (Compl., Docket Entry 1 at 3.)

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over

*PJG*

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.      Frazier's Claims**

Frazier's claims fail as a matter of law for a variety of reasons. First, to the extent Frazier has sued the defendants in their official capacities, they are entitled to immunity from suit because, as arms of the state, they are entitled to sovereign immunity and are not "persons" under § 1983. The defendants assert that Defendants Major Phillip C. Anderson and Sheriff Dan Wideman are entitled to immunity under the Eleventh Amendment to the United States Constitution.[1] The Supreme Court has held that state agencies, divisions, departments, and officials are not "persons" under § 1983 and

---

[1]Apparently, Defendant Wideman is the Sheriff of Greenwood County and Defendant Anderson is employed by the Sheriff of Greenwood County as the Administrator of GCDC. (Docket Entry 31-2 at 3.)



are entitled to Eleventh Amendment immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent that Defendants Anderson and Wideman are sued in their official capacities, they are immune from suit, as they are treated as an "arm of the State" in this capacity. Will, 491 U.S. at 70-71; Gulledge v. Smart, 691 F. Supp. 947, 954 (D.S.C. 1988) (holding that both sheriffs and deputy sheriffs are agents of the State and immune from suit); see also Cone v. Nettles, 417 S.E.2d 523 (S.C. 1992) (stating that the sheriff and his employees are state officials).

Second, to the extent Frazier has sued the defendants in their individual capacities, they are entitled to summary judgment because he has made no allegation of any personal involvement on the part of either defendant in connection with his claim that his legal mail was opened outside his presence.[2] Rather, his filings with the court make clear that he seeks to hold the defendants responsible for other employees' alleged actions simply because they are, as sheriff and GCDC administrator, in supervisory roles. (Docket Entry 38 at 1.) The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). A claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). Further, to establish liability of a supervisor under § 1983 for the actions of the supervisor's employees, a plaintiff must show: (1) that the defendants had actual

---

[2]To the extent that Anderson was involved in opening Frazier's legal mail, the only evidence is that it was opened in Frazier's presence, which is in accordance with GCDC policy. (Middleton Aff., Docket Entry 31-4 at ¶ 14.)



or constructive knowledge that their subordinates were engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury, (2) that their response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994) (outlining test for supervisory liability under 42 U.S.C. § 1983). Based upon the facts alleged, Frazier cannot establish these elements, as he has introduced no evidence that the defendants had knowledge that detainees' mail was improperly opened or that such a practice presented a pervasive and unreasonable risk of harm.[3] Further, as discussed more fully below, he has shown no injury. Nor has Frazier shown deliberate indifference on the part of the defendants, or an affirmative causal link between such inaction, if any, and actual harm suffered by him, if any.

Moreover, even if the defendants were properly subject to suit, the facts alleged in Frazier's Complaint do not state a claim for a constitutional violation. He has made no allegation that he was denied access to the courts or counsel as a result of the alleged opening of his legal mail. Cf. Altizer v. Deeds, 191 F.3d 540, 549 n.14 (4th Cir. 1999) ("Inspecting an inmate's legal mail may implicate the inmate's Sixth Amendment right to communicate freely with his attorney in a criminal case.") (citing Wolff v. McDonnell, 418 U.S. 539, 575 (1974)). Frazier has alleged no actual injury resulting from any act of the defendants that would prejudice his ability to communicate with the court or his attorney. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996) (holding that an inmate must

---

[3]Frazier's Complaint alleges that the incident at issue took place on July 9, 2008, however his response to the defendants' Motion for Summary Judgment states that his legal mail was opened "2 different times on 2 different days." (Docket Entry 38 at ¶ 6.) As discussed below, however, even taking this assertion as true, it does not change the result in this case.

PJG

allege facts showing actual injury resulting from the act of the defendant to maintain a claim for denial of access to the court); Chiang v. Lappin, 2008 WL 2945434 (D. Md. 2008) (unpublished). Although Frazier contends that his legal mail was opened on two occasions, this does not rise to the level of a constitutional violation. See Tompkins v. N.C. Dep't of Corr., 2008 WL 717719 (E.D.N.C. 2008) (unpublished).

Frazier has presented insufficient evidence to refute the affidavits offered by the defendants that the removal of metal clasps from Frazier's mail was done in accordance with security policy and that the contents were not read prior to delivery to Frazier. (Middleton Aff., Docket Entry 31-4 at ¶¶ 7-12; Butler Aff., Docket Entry 31-3 at ¶¶ 6-10; Moton Aff., Docket Entry 31-5 at ¶¶ 5-8, 12.) Frazier has offered the affidavit of another inmate, Anthony M. Werts ("Werts"), expressing Werts's belief that his legal mail has also been opened on prior occasions. (See Werts Aff., Docket Entry 38-2.) Further, Frazier attempts to undermine the credibility of the defendant's affiants by asserting that, because sometimes inmates' mail upon receipt contains metal clasps and paper clips and sometimes it does not, the defendants' explanation that envelopes are opened to remove metal clasps for security reasons is untrue. Even taking those assertions as true, however, Frazier's allegations are insufficient to rise to a constitutional violation. See Lewis, 518 U.S. at 351-52; Chiang, 2008 WL 2945434 at *9-10; Tompkins, 2008 WL 717719 at *3.

Similarly, Frazier's claim that the defendants did not respond to his grievance regarding his mail also fails to rise to a constitutional violation, as inmates have no constitutional right to a grievance procedure. See Adams v. Rice, 40 F.3d 72 (4th Cir. 1994).

Page 6 of 8
PJG

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendants' motion for summary judgment (Docket Entry 31) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 28, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).